UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EARL THOMAS, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:14-cv-01604-RDP |
| ANN WRIGHT, et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

This matter is before the court on (1) Defendants' Motion to Dismiss and Incorporated Memorandum of Law in Support of Motion to Dismiss (Doc. # 20), (2) Plaintiff's Motion for Default Judgment against Defendant Middlebrooks (Doc. # 26), and (3) Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 33).

### I.     Procedural History

Plaintiff filed his original Complaint on August 18, 2014, alleging violations of 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986. (See Doc. # 1). Plaintiff alleged that Paul Middlebrooks (his former roommate), Frankie Lackey, and others at the Firehouse Shelter conspired to "run" plaintiff from his apartment by creating circumstances that would make it unbearable to continue living in the apartment. (Doc. # 1 at ¶ 23).

Defendants (except Middlebrooks) filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 8). The court denied Defendants' Motion but ordered Plaintiff to amend his Complaint to more precisely state a claim for relief. (Doc. # 11). On September 19, 2014, Plaintiff filed an Amended Complaint which omitted the claims asserted

pursuant to 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986.  (Doc. # 15).  Instead, Plaintiff asserted only a claim under 42 U.S.C. § 1983. (Doc. # 15).

## II.     Defendants' Motion to Dismiss the Amended Complaint

On October 6, 2014, Defendants (except Middlebrooks) filed a Motion to Dismiss Plaintiff's Amended Complaint on various grounds, including Plaintiff's failure to plead that any of the Defendants are state actors.  (Doc. # 20).  To prevail in a civil rights action under § 1983, a plaintiff must show that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the act or omission was done by a person acting under color of law.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  At a November 17, 2014 status conference, Plaintiff conceded that none of the Defendants are state actors.  (*See also* Doc. # 33).  Therefore, Defendants' Motion to Dismiss (Doc. # 20) is due to be granted.

## III.    Plaintiff's Motion for Default Judgment Against Middlebrooks

It appears from the record that Defendant Paul Middlebrooks was served with the Plaintiff's Amended Complaint on September 24, 2014, although the certified mail return receipt was not signed by him.  (Doc. # 17).  Defendant Middlebrooks failed to respond to the Complaint.  Therefore, Plaintiff filed a Motion for Default Judgment against Defendant Middlebrooks. (Doc. # 26).  Plaintiff seeks to pursue entry of default against Middlebrooks on his Section 1983 claim even though he concedes that Defendant Middlebrooks is not a state actor.

In accordance with Rule 55 of the Federal Rules of Civil Procedure, a court may enter a default judgment against a party who has failed to plead or otherwise defend. Fed.R.Civ.P. 55. However, the court has discretion to determine if entry of a default judgment is appropriate.  *See*

*Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). Because the sole claim in Plaintiff's Amended Complaint fails to state a claim as a matter of law, Plaintiff's Motion for Default Judgment against Defendant Middlebrooks (Doc. # 26) is due to be denied.

### IV.     Plaintiff's Motion for Leave to Amend

In light of the admitted deficiencies in Plaintiff's Section 1983 claim, Plaintiff seeks leave to amend his Complaint a second time in order to re-assert his Section 1985(3) claim, as well as to assert claims under 42 U.S.C. ' 1986, Title VIII of the Civil Rights Act of 1968, the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, and Section 109 of Title A of the Housing and Community Development Act of 1974, and Title VI of the Civil Rights Act of 1964. (Doc. # 33-1).

It is axiomatic that the district court should freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Nonetheless, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (quotation omitted). Here, Plaintiff's Motion for Leave to Amend is due to be denied because the proposed amendment would be futile.

The claims asserted in the proposed amended complaint are premised on an alleged conspiracy to drive Plaintiff from his apartment because he is *not* gay. (Doc. # 33-1 at pp. 3-8).

#### A.     Plaintiff's § 1985(3) Claim

"To state a claim under § 1985(3), a plaintiff must allege the following: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a

protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States." *Jimenez v. Wellstar Health System,* 596 F.3d 1304, 1311-12 (11th Cir. 2010) (citing *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997)). "When the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment." *Jimenez,* 596 F.3d at 1312 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993) and *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997)). "These rights include *only* select 'serious constitutional right[s].'" *Id.* (citing *Cook v. Randolph County*, 573 F.3d 1143, 1157 (11th Cir. 2009)) (emphasis added).

"The only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude." *Jimenez,* 596 F.3d at 1312 (citing *Bray*, 506 U.S. at 278). As the Eleventh Circuit has observed, the Supreme Court has held that even freedom of speech and the rights protected under Title VII "are insufficient to form the basis of § 1985(3) actions against private conspirators." *Jimenez,* 596 F.3d at 1312 (citing *Bray*, 506 U.S. at 278 and *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979)). Because neither interstate travel nor the right against involuntary servitude are at issue in this case, Plaintiff's proposed § 1985(3) claim fails to state an actionable claim.

Moreover, in addition, the second element of a § 1985(3) claim "requires a showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1147 (11th Cir. 1996)

(internal quotation omitted but quoting *Lucero v. Operation Rescue*, 954 F.2d 624, 628 (11th Cir. 1992) and in turn quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829 (1983)).  And the Eleventh Circuit has "repeatedly [] declined to extend [section 1985(3)] to apply in non-racial contexts." *Childree,* 92 F.3d at 1147 (citing, e.g., *Lucero*, 954 F.2d at 628).  Because Plaintiff has not alleged race discrimination, Plaintiff's proposed § 1985(3) claim fails to state an actionable claim for this reason also.

      **B.**      **Plaintiff's § 1986 Claim**

"[A] § 1986 action is predicated on a successful conspiracy action under § 1985." *Morast v. Lance*, 807 F.2d 926, 30 (11th Cir. 1987).  It follows, therefore, that because Plaintiff's proposed § 1985(3) claim fails to state a claim, his proposed § 1986 claim is also due to be dismissed.

      **C.**      **Plaintiff's FHA Claim**

Plaintiff's claim under the FHA asserts that Plaintiff was discriminated against because of his sexual orientation ─ *i.e.*, that he is heterosexual.  The FHA does not prohibit discrimination based on sexual orientation in the sale or rental of housing.  *See Ordelli v. Mark Farrell & Associates*, 2013 WL 1100811, * 2 (D. Or. 2013); *Miller v. 270 Empire Realty LLC,* 2012 WL 1933798, * 5 (E.D. N.Y. 2012) (FHA claims cannot be based on sexual orientation); *Fair Housing Center of Washtenaw County, Inc. v. Town and Country Apartments*, 2009 WL 497402, * 3, n.1 (E.D. Mich. 2009) ("Sexual orientation is not protected under the FHA."); S*winton v. Fazekas*, 2008 WL 723914, *5 (W.D. N.Y. 2008) (discrimination based on sexual orientation not covered under the FHA).  Therefore, Plaintiff's proposed FHA claim fails to state a claim as a matter of law.

### D.     Plaintiff's Rehabilitation Act Claim

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits discrimination on the basis of *disability* by recipients of federal financial assistance.  Plaintiff's proposed amended complaint does not allege that he suffers from a disability or that he was discriminated against on the basis of a disability.  Therefore, an amendment to state such a legal claim would have no factual basis and would be futile.

### E.     Plaintiff's Housing and Community Development Act Claim

The majority of courts which have considered the issue, have determined that in enacting Section 109 of Title A of the Housing and Community Development Act of 1974, 42 U.S.C.A. § 5309, Congress did not intend that section to provide a private right of action.  *See, e.g., Freeman v. Fahey*, 374 F.3d 663, 666 (8th Cir. 2004); *Latinos Unidos De Chelsea En Accion (LUCHA) v. Sec'y of HUD*, 799 F.2d 774, 795 (1st Cir. 1986); *Reyes v. Erickson*, 238 F.Supp.2d 632, 636-37 (S.D. N.Y. 2003); *Am. Conveyor Corp. v. Municipality of Guanica*, 614 F.Supp. 922, 927 (D. P.R. 1985); *Nabke v. United States Dep't of HUD*, 520 F.Supp. 5, 9 (W.D. Mich. 1981).  The court agrees with these well-reasoned decisions.  Because the statute does not provide a private cause of action, an amendment to state such a claim would be futile.

### F.     Plaintiff's Title VI of the Civil Rights Act of 1964 Claim

Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color or national origin in programs and activities receiving federal funds.  *See* 42 U.S.C. § 2000d *et seq*.  Plaintiff has alleged discrimination on the basis of his sexual orientation.  Title VI of the Civil Rights Act of 1964 is inapplicable to Plaintiff's case because it does not address discrimination based on sexual orientation, the basis of Plaintiff's purported discrimination

claims.  *See Hall v. Prince George's County,* 2003 WL 23350258, * 4 (D. Md. 2003). Therefore, again, an amendment to state such a claim would be futile.

### G. Conclusion

Because all of the proposed claims in Plaintiff's proposed amended complaint fail as a matter of law, the amendment would be futile.  Therefore, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 33) is due to be denied.

A separate order will be entered.

**DONE** and **ORDERED** this December 10, 2014.

*/s/ R. David Proctor*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE